**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BUCHANAN INGERSOLL & ROONEY PC, <br><br> Plaintiff, <br><br> v. <br><br> BRANDON BELMONTE, JUDITH BELMONTE and ZORKA JOVANOVIC, <br><br> Defendants. | No. 24cv859 (EP) (JRA) <br><br> **OPINION** |

**PADIN, District Judge.**

In this dispute over legal fees, Plaintiff Buchanan Ingersoll & Rooney PC ("Buchanan" or "Plaintiff") moved for default judgment against Defendants Brandon Belmonte ("BB"), Judith Belmonte ("JB"), and Zorka Jovanovic ("Jovanovic") pursuant to Fed. R. Civ. P. 55(b)(2). D.E. 8 ("First Motion"). The Court denied the First Motion as to Defendant JB *without prejudice*, granted the First Motion as to Defendants BB and Jovanovic with respect to liability, and denied it *without prejudice* as to the amount of damages. D.E. 9 ("Prior Opinion"). Plaintiff filed an Amended Complaint thereafter. D.E. 16 ("Amended Complaint" or "Am. Compl."). It now moves again for default judgment against Defendants. D.E. 28 ("Motion" or "Mot."). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion.

## I.    BACKGROUND[1]

The Court includes an abridged version of the factual background of this matter and refers to the Court's Prior Opinion for a complete factual background.  Plaintiff, a corporation organized in Pennsylvania, provides legal services.  Am. Compl. ¶ 1.  It has multiple offices, including one in Newark, New Jersey.  *Id.*  Defendant BB resides in New Jersey, Defendant JB resides in Connecticut, and Defendant Jovanovic resides in New Jersey.  *Id.* ¶¶ 2-3, 14.

Plaintiff's legal services for Defendant BB began in October 2022.  *Id.* ¶ 19.  Defendant BB and Plaintiff executed engagement agreements on October 23, 2022 and February 1, 2023.  Am. Compl., Ex. A[2] ("BB Agreements").    Per the terms of the BB Agreements, Plaintiff would bill Defendant BB monthly and reserved the right to impose interest of 1.5% per month on balances overdue for 30 days or more.  Am. Compl. ¶ 18.

On November 30, 2022, Plaintiff and Defendant Jovanovic executed an engagement agreement for legal services.  Am. Compl., Ex. B ("Jovanovic Agreement").  Per the terms of the Jovanovic Agreement, Plaintiff would bill Defendant Jovanovic monthly.  Am. Compl. ¶ 21.  The Jovanovic Agreement did not include an interest provision.  Defendant BB agreed to guarantee Defendant Jovanovic's financial obligations to Plaintiff.  *Id.* ¶ 22.  In December 2022, Plaintiff began performing legal services for Defendant Jovanovic.  *Id.* ¶ 23.

---

[1] Following the entry of default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  Therefore, the facts are based on well-pled allegations in Plaintiff's Amended Complaint.  Local Rule 7.1(d)(4) permits a party to, instead of filing a brief, file a "statement that no brief is necessary and the reasons therefor."  Plaintiff has complied with this rule.  D.E. 28-1.
[2] Plaintiff appears to have mistakenly dated the first engagement agreement as October 23, 2023 in the Amended Complaint.  Am. Compl. ¶ 17.

On or about May 17, 2023, Defendant JB communicated with a Buchanan shareholder in its Newark, New Jersey office and negotiated engagement agreements. *Id.* ¶ 4. Defendant JB executed the engagement agreements for legal services, which were cosigned by the shareholder in New Jersey. *Id.*; Am. Compl., Ex. C ("JB Agreements"). Per the terms of the JB Agreements, Plaintiff would bill Defendant JB monthly and reserved the right to impose interest of 1.5% per month on balances overdue for 30 days or more. Am. Compl. ¶ 25. In February 2023, Plaintiff began performing legal services for Defendant JB. *Id.* ¶ 26.

The JB Agreements were for the provision of legal services solely in New Jersey, including advisement on a $15 million loan to be made by a New Jersey LLC and advisement on the proposed purchases of New Jersey properties. *Id.* ¶ 5. While a client of Buchanan, Defendant JB only communicated with attorneys in Buchanan's New Jersey office and the relationship attorney on Defendant JB's matters was located in that office. *Id.* ¶ 6.

Since entering into the various engagement agreements with Defendants, numerous invoices for legal services rendered remain unpaid. *Id.* ¶¶ 27-50. Defendant BB paid one invoice from December 2022, but failed to pay the next 27 received from January 2023 through December 2023. *Id.* ¶ 28. Defendant JB has received five invoices from June 2023 through August 2023 and has paid none. *Id.* ¶ 29. At least six checks she sent to Buchanan's New Jersey office "either bounced for insufficient funds, were written on non-existent accounts or were unsigned." *Id.* ¶ 10. Defendant Jovanovic has received five invoices from December 2022 through March 2023 and neither Defendant Jovanovic nor Defendant BB, as guarantor, have paid. *Id.* ¶¶ 30-31.

## II.    LEGAL STANDARD

Courts may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F.

Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  Although cases should be decided on their merits where practicable, default judgment is "largely a matter of judicial discretion." *Id.* Courts accept the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," *id.* at 535-36 (citing *Comdyne I*, 908 F.2d at 1149), and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law,'" *id.* at 536 (quoting *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)).

Courts must determine: "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2018) (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)).

## III.    ANALYSIS

### A.    Default Judgment is Proper as to Defendant JB

#### 1.    *Jurisdiction and service are proper as to Defendant JB*

This Court denied the First Motion as to Defendant JB *without prejudice* because Plaintiff failed to provide sufficient facts to demonstrate personal jurisdiction over Defendant JB, who was properly personally served in Connecticut.  Prior Opinion at 5-6.  "A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 821 (D.N.J.

2021). "New Jersey's long-arm statute allows the exercise of personal jurisdiction to the full extent permitted by the Constitution." *Id.*

There are two theories by which personal jurisdiction can be satisfied: general jurisdiction and specific jurisdiction. *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). "For specific jurisdiction to exist, the plaintiff must satisfy two requirements. First, 'the plaintiff must show that the defendant has constitutionally sufficient 'minimum contacts' with the forum.'" *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501, at *3 (D.N.J. Nov. 1, 2010) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)). Specific jurisdiction exists if "the defendant purposefully directed its activities at the forum, and the litigation arises out of or relates to at least one of those activities." *Guiuan v. Villaflor*, No. 08-363, 2010 WL 3614197, at *2 (D.N.J. Sept 8, 2010). Plaintiff has sufficiently demonstrated specific jurisdiction exists over Defendant JB.

*First*, the JB Agreements were executed by a New Jersey attorney in Buchanan's Newark office. Am. Compl. ¶ 4; JB Agreements. A contract *may* provide a basis for personal jurisdiction over a non-resident defendant such as Defendant JB, but it does not necessarily, alone, establish sufficient minimum contacts. *Carrascosa*, 2010 WL 4609501, at *4. However, the JB Agreements were for the provision of legal services in New Jersey, including legal advice regarding a loan to be made by a New Jersey LLC and the proposed purchased of several New Jersey properties. Am. Compl. ¶ 5. Defendant JB therefore "engaged in negotiations for an agreement that would have created rights and obligations among citizens of the forum and contemplated significant ties with the forum." *Grand Entmt't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482-83 (3d Cir. 1993).

*Second*, Defendant JB only communicated with attorneys in Buchanan's New Jersey office and sent at least six checks to the Newark office. Am. Compl. ¶¶ 6, 10. "[C]ourts have recognized that various forms of communications between the parties, including written correspondence and telephone calls, factor into the minimum contacts analysis." *Carrascosa*, 2010 WL 4609501, at *4. *Third*, Defendant JB caused at least six checks to be sent to Buchanan's Newark office, Am. Compl. ¶ 10, the non-payment of which is the "instant dispute aris[ing] directly out of the contacts at issue." *Grand Entmt't Grp.*, 988 F.2d at 483.

Having established personal jurisdiction over Defendant JB, the Court must still determine "whether doing so would comport with 'traditional notions of 'fair play and substantial justice.'" *Carrascosa*, 2010 WL 4609501, at *3 (quoting *IMO Indus.*, 155 F.3d at 259). "Where the defendant is in default, plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* The Court finds that jurisdiction comports with traditional notions of fair play and substantial justice. Accordingly, jurisdiction is proper as to Defendant JB.

2. *The uncontested allegations present legitimate causes of action against Defendant JB*

Accepting the allegations as true, Plaintiff has stated the following claims against Defendant JB: Count II (breach of contract); Count V (account stated); and Count VI (*quantum meruit*). *See generally* Am. Compl. Although the Court analyzes all counts, it notes that "a claimant cannot collect damages for breach of express contract and recover the same damages on a quasi-contract theory such as quantum meruit or unjust enrichment." *Gap Props., LLC v. Cairo*, No. 19-20117, 2020 WL 7183509, at *4 (D.N.J. Sept. 17, 2020).

"The elements for a breach of contract claim are (1) there was a contract; (2) defendant breached the contract; (3) and plaintiff suffered damages resulting from that breach." S*uperior Towing & Transp., LLC v. J.B. Hunt Transp., Inc.*, No. 21-900, 2021 WL 4482824, at *3 (D.N.J.

Sept. 30, 2021) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016)). Here, Plaintiff meets all elements for the breach of contract claims. Plaintiff has established the existence of a contract between Plaintiff and Defendant JB. *See* JB Agreements. Defendant JB had received five invoices from June 2023 through August 2023 and has paid none. Am. Compl. ¶ 29. Therefore, Plaintiff has adequately alleged a breach of contract claim against Defendant JB.

"To prevail on an account stated action in the District of New Jersey, where diversity jurisdiction exists, the plaintiff must prove that: (1) there was either an express or an implied agreement as to the amount due; and (2) the account was in fact stated or agreed to." *Razor Enter. Inc. v. Aexim USA Inc.*, No. 11-6788, 2015 WL 790558, at *3 (D.N.J. Feb. 24, 2015). Plaintiff has met both elements. Plaintiff has established the existence of a contract between Plaintiff and Defendant JB. *See* JB Agreements. Defendant JB has allegedly failed to pay numerous outstanding invoices for legal services rendered. Am. Compl. ¶¶ 29, 32, 35; *see also Razor*, 2015 WL 790558, at *3 (finding defendant's failure to dispute nineteen outstanding invoices sufficient to prevail on account stated action). Therefore, Plaintiff has adequately alleged an account stated claim against Defendant JB.

The elements for a *quantum meruit* claim are "(1) the performance of services in good faith; (2) acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation; and (4) reasonable value of the services." *Superior Towing*, 2021 WL 4482824, at *3 (citing *Starkey, Kelly, Blaney, & White v. Estate of Nicolaysen*, 172 N.J. 60, 68 (2002)). Here, Plaintiff has met all requirements. Plaintiff performed legal services for Defendant JB. Am. Compl. ¶¶ 26, 32-35. Defendants, including JB, "monitored . . . and expressed satisfaction" with Buchanan's legal services. *Id.* ¶ 33. Defendants, including JB, complimented Buchanan on its legal services, "request[ed] additional work be performed," and never raised objections or

questions about the invoices. *Id.* ¶¶ 33-34. Defendant JB also acknowledged the obligation to pay Buchanan the unpaid account receivable. *Id.* ¶ 35. Therefore, Plaintiff has adequately stated a *quantum meruit* claim against Defendant JB.

However, Plaintiff cannot recover damages for both a breach of contract and *quantum meruit* claim, *Cairo*, 2020 WL 7183509, at *4, and the Court finds the account stated claim is duplicative of the breach of contract claim, *Bestherb, Inc. v. Yinlink Int'l Inc.*, No. 22-6548, 2024 WL 3898039, at *5 n.6 (D.N.J. Aug. 22, 2024). Accordingly, the Court clarifies that a finding of liability and an award of damages, *see, infra*, as to all Defendants is based only on the breach of contract claim.

### 3. Default judgment is otherwise proper as to Defendant JB

In addition to the above factors, courts determine whether default judgment is otherwise proper by considering: "'(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.'" *Matos*, 133 F. Supp. 3d at 686 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

The record suggests no meritorious defense. *See id.* ("Defendant has failed to proffer any defense to Plaintiff's claims, meritorious or otherwise, and the Complaint does not otherwise suggest the existence of any meritorious defense."). And "[b]ecause the Defendant did not respond, the Court cannot determine whether the Defendant had meritorious defenses that are not reflected in the record." *Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010). Moreover, Defendant JB's failure to appear or otherwise respond has prejudiced Plaintiff by preventing it from prosecuting its case and seeking relief. *See E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 575 (D.N.J. 2014) ("Plaintiff would

suffer prejudice if default judgment were denied."). And "[a]bsent any evidence to the contrary, defendant's 'failure to answer evinces [its] culpability in [the] default.'" *Hayward Indus., Inc. v. Saltwater Pool Supplies*, No. 20-6105, 2021 WL 1940711, at *11 (D.N.J. June 14, 2021) (quoting *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)) (alterations in original). Here, Defendant JB's failure to answer suggests "willful negligence." *Id.*

The Court finds that Plaintiff has stated a valid cause of action. The Court will therefore **GRANT** Plaintiff's Motion against Defendant JB.

### B. Remedies

This Court already granted default judgment with respect to liability as to Defendants BB and Jovanovic. Prior Opinion at 9. It now also grants default judgment with respect to liability as to Defendant JB. However, as the factual allegations relating to the amount of damages are not taken to be true following the entry of default judgment, *Comdyne I*, 908 F.2d at 1149, the Court found that Plaintiff failed to establish damages as to Defendants BB and Jovanovic. Prior Opinion at 10.[3] The Court afforded Plaintiff the opportunity to submit documentary evidence to justify damages sought. *Id.*

Plaintiff seeks compensatory damages totaling $540,158.54 from Defendant BB, $18,907 from Defendant Jovanovic, and $55,862.38 from Defendant JB. D.E. 28-2 ¶¶ 34-35. According to Plaintiff, these figures are comprised of the principal amounts owed by each Defendant and the interest calculated as of the filing of the Motion.[4] "In contract law, the usual measure of damages

---

[3] The Court also noted that Plaintiff did not sufficiently address damages with respect to Defendant JB either. Prior Opinion at 11 n.3.

[4] There is no interest calculation applied to Defendant Jovanovic's invoices because her agreement does not provide for interest accrual. D.E. 28-2 ¶ 28.

is compensatory damages, which puts the injured party in the position he would have been in if the other party performed as promised." *Miller v. Butler*, No. 12-1004, 2014 WL 585409, at *6 (D.N.J. Feb. 14, 2014).

Plaintiff now provides copies of Buchanan's invoices to all Defendants outlining the amounts due based on legal services rendered. Mot., Exs. A-C.[5] The Court finds that Plaintiff has submitted sufficient evidence to support its claim for damages.

## IV.    CONCLUSION

For the above reasons, the Court will **GRANT** Plaintiff's Motion, D.E. 28.  An appropriate Order follows.

Dated: August 13, 2025

_____
Evelyn Padin, U.S.D.J.

---

[5] The Court sealed the invoices of all Defendants as the information contained therein is confidential or subject to attorney-client privilege.  D.E.s 29-30.

10